101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STATE OF OHIO, REHABILITATION SERVICES COMMISSION, Petitioner,
v.
UNITED STATES DEPARTMENT OF EDUCATION, Respondent.
 No. 95-4213.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1996.
 
 On Petition for Review of a Final Decision of the United States Department of Education, No. 93-76-R.
 DOE
 REVIEW DENIED.
 Before: MERRITT, BROWN, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This matter comes before us on a petition for review of a decision in which the Secretary of the United States Department of Education directed the Ohio Rehabilitation Services Commission to reimburse the Secretary for a non-allowable expenditure of federal funds in the amount of $227,400. The funds in question, part of a basic support grant under Title I of the Rehabilitation Act of 1973, had been used by the Commission to satisfy a judgment entered pursuant to an agreed settlement of a lawsuit brought against the Commission by an employee who claimed to have been wrongfully discharged some years earlier. The issue presented for our determination is whether the Secretary erred in holding that the expenditure in question was not properly chargeable to the basic support grant. Concluding that the Secretary did not err, we shall deny the petition.
 
 
 2
 The Ohio Rehabilitation Services Commission is the state agency that administers federal grants made to the State of Ohio for vocational rehabilitation purposes pursuant to 29 U.S.C. § 721(a). The Commission receives its funding through the United States Department of Education.
 
 
 3
 In 1975 the Commission terminated the employment of John Gephart, then director of the Commission's Dayton office. Litigation ensued, Mr. Gephart contending that he had been wrongfully denied the predeprivation hearing to which he was entitled under Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 424 (1985). In 1989 an Ohio court of appeals entered an agreed judgment order reinstating Mr. Gephart with back pay of $200,000 and retirement contributions of $27,400. The judgment was satisfied on November 3, 1989.
 
 
 4
 The Commission charged the cost against a basic support grant provided by the Department of Education. The Secretary of Education subsequently disallowed the expenditure, following a recommendation by the Ohio Auditor of State and accepting an initial decision to that effect by a Federal Administrative Law Judge. Both the Auditor of State and the ALJ reasoned that because Mr. Gephart had performed no services during the period to which the back pay related, neither the Rehabilitation Act nor the applicable guidelines of the Office of Management and Budget would permit the cost of satisfying the judgment to be charged against Department of Education funds.
 
 
 5
 Attachment B to OMB Circular A-87 (1/15/81), which sets forth the general criteria for allowance of expenditures under federal grant programs, concludes with a listing (Part D of the Attachment) of various categories of costs that are not allowable. Under the catchline "Fines and penalties," Part D5 provides as follows: "Costs resulting from violations of, or failure to comply with Federal, State and local laws and regulations are unallowable."
 
 
 6
 The Commission argues that this provision is not dispositive because the money judgment at issue here was neither a fine nor a penalty. But the cost of satisfying the judgment was clearly a cost resulting from an alleged violation of, or failure to comply with, federal law. The judgment was entered by the Ohio court as a direct result of the Commission's alleged violation of the due process rights enjoyed by Mr. Gephart under the Constitution of the United States. The judgment may not have been a "penalty" in a legal sense, but the text quoted above leaves little room for doubt that the person (quite possibly an accountant) who supplied the catchline would have thought of the judgment as a penalty.
 
 
 7
 It is true that Circular A-87 does not address the particular grant program at issue here--or any other individual grant program--by name. As a set of general guidelines, Circular A-87 has been held not to be "determinative in an interpretation of the Government's contract obligations in a particular area." Kentucky ex rel. Cabinet for Human Resources v. United States, 16 Cl.Ct. 755, 763 (1989). But given the precise fit between the language we have quoted from the circular and the facts of the case at bar, it seems to us that if the circular is not "determinative," it is at least a highly persuasive indication that the Secretary's conclusion was correct. Accordingly, and for substantially the same reasons given by Chief Administrative Law Judge Allan C. Lewis in his opinion of July 14, 1995, the petition for review is DENIED.